IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RONALD RAY THOMPSON; RACHEL ANN THOMPSON, | Civ. No. 6:22-cv-00600-AA |
|     Plaintiffs, | **OPINION & ORDER** |
|   v. | |
| ROBERT KIM REED; KAREN R. REED, | |
|     Defendants. | |

AIKEN, District Judge.

  This case comes before the Court on Defendants' Motion to Dismiss, which asserts a failure to properly serve Defendants, ECF NO. 10, as well as on Plaintiffs' Motion for Entry of Default, which Defendants oppose, ECF Nos. 20, 21, and on a series of Motions to Strike, ECF Nos. 16, 19, 23. Plaintiffs have also filed a motion requesting service by U.S. Marshals. ECF No. 22.

## LEGAL STANDARD

  Federal Rule of Civil Procedure 12(b)(5) provides that a defendant may move to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Rule 4 is a flexible

rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). However, "without substantial compliance with Rule 4, neither actual notice nor naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists*, 840 F.2d at 688 (internal quotation marks and citation omitted). "Once service of process is challenged, it is plaintiff's burden to establish the validity of service of process." *Alexander-Bonneau v. Safeway, Inc.*, No. 3:18-cv-00156-MO, 2018 WL 3613979, at *1 (D. Or. July 27, 2018) (internal quotation marks and citation omitted, alterations normalized). "Challenges to the manner of service are interpreted strictly, even for *pro se* litigants." *Rosado v. Roman*, Case No. 16-cv-784-SI, 2017 WL 3473177, at *3 (D. Or. Aug. 11, 2017). If service of process is insufficient, the court has discretion either to dismiss the action or quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

This case involves attempted service upon individual defendants. Pursuant to Rule 4(e), a plaintiff may complete service on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with some of suitable age and discretion who resides there; or

>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Oregon Rule of Civil Procedure ("ORCP") 7 D(1) "sets forth a 'reasonable notice' standard for determining adequate service of summons: 'Summons shall be served . . . *in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . .*'" *Baker v. Foy*, 310 Or. 221, 224-25 (1990) (emphasis in original). "Rather than requiring a particular manner of service to satisfy the standard of adequate service, the rule endorses the process of examining the totality of the circumstances, to determine if the service of summons was reasonably calculated to provide defendant with notice of the action and reasonable opportunity to appear and defend." *Id.* at 225. ORCP 7 D(2) provides a nonexclusive list of methods of service that "*may* be used." *Id.* (emphasis in original). These methods include:

> (a) **Personal service.** Personal service may be made by delivery of a true copy of the summons and a true copy of the complaint to the person to be serviced.
>
> (b) **Substituted service.** Substituted service may be made by delivering true copies of the summons and the complaint at the dwelling house or usual place of abode of the person to be serviced to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served. Where substitute service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed by first class mail true copies of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made . . .

> (c) **Office service.** If the person to be served maintains an office for the conduct of business, office service may be made by leaving true copies of the summons and the complaint at that office during normal working hours with the person who is apparently in charge . . .
>
> (d) **Service by mail.**
>
>> (i) **Generally.** When service by mail is required or allowed by this rule or by statute, except as otherwise permitted, service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested. For purposes of this paragraph, "first class mail" does not include certified, registered, or express mail, return receipt requested, or any other form of mail that may delay or hinder actual delivery of mail to the addressee.

Or. R. Civ. P. 7 D(2)(a)-(d)(i).

The Oregon Rules of Civil Procedure specifically provide that individual defendants may be served

> by personal delivery of true copies of the summons and the complaint to the defendant or other person authorized by appointment or law to receive service of summons on behalf of the defendant, by substituted service, or by office service. Service may also be made upon an individual defendant or other person authorized to receive service . . . by mailing made in accordance with paragraph D(2)(d) of this rule provided the defendant or other person authorized to receive service signs a receipt for the certified, registered, or express mailing, in which case service shall be complete on the date on which the defendant signs a receipt for the mailing.

Or. R. Civ. P. 7 D(3)(a)(i).

When evaluating the adequacy of service in Oregon, the court applies the two-step methodology set forth in *Baker*:

> First, the court must determine if the method in which service of summons was made was one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7

> D(3), and accomplished in accordance with ORCP 7 D(2). If so, the service is presumptively adequate and, unless the defendant overcomes the presumption, service will be deemed effective.
>
> If, however, presumptively adequate service is not effected, or if the defendant rebuts the presumption of valid service, the court must then consider whether the manner of service employed by plaintiff satisfies the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1). Only if that inquiry is answered in the affirmative will service be deemed valid.

*Davis Wright Tremaine LLP v. Menken*, 181 Or. App. 332, 337 (2002) (citing *Baker*, 310 Or. at 228-29) (internal quotation marks and citations omitted, alterations normalized).

## DISCUSSION

The central dispute in the pending motions concerns whether Plaintiffs have properly service Defendants. Defendants have specially appeared to contest the adequacy of service and move to dismiss for lack of jurisdiction occasioned by inadequate service of process.

As a preliminary matter, Plaintiffs repeatedly assert that Defendants have actual notice of this action as evidenced by, among other things, Defendants' special appearance in the case. Plaintiffs' confusion is understandable, but "legally, under Oregon's sufficiency of service rules and related jurisprudence, actual notice is, essentially, irrelevant." *Davis Wright Tremaine*, 181 Or. App. at 338-39. "ORCP 7 D(1) focuses not on the defendant's subjective notice but, instead, on whether the plaintiff's conduct was objectively, reasonably calculated to achieve the necessary end. That is, regardless of whether the defendant ever actually received notice, were the plaintiff's effect service reasonably calculated, under the totality of the

circumstances then known to the plaintiff to apprise the defendant of the pendency of the action?" *Id.* at 339. Here, the fact that Defendants are subjectively aware of this action is not sufficient to defeat Defendants' Motion to Dismiss. The Court also declines to strike the various declarations and affidavits and all pending Motions to Strike are DENIED.

Turning to the question of service, Plaintiffs' filings show that they have been unable to effect service by the local sheriff's offices and professional process servers. Ronald Thompson Aff. ¶¶ 5-9. ECF No. 16-2. Plaintiffs also attempted to serve Defendants by having a third party place the summons and complaint on the ground some distance from Defendants. Ronald Thompson Aff. ¶ 11. Plaintiffs believe that someone picked those documents up from the ground, but Defendants deny this. Robert Reed Decl. ¶ 9. ECF No. 10-1. Whether those documents were eventually collected and by whom is beside the point, however. This effort at service is plainly insufficient under the totality of the circumstances to effect service and will not serve to defeat Defendants' Motion to Dismiss.

Plaintiffs also assert that they have repeatedly attempted to serve Defendants by delivering the summons and complaint to the offices of the attorneys who represent Defendants in collateral litigation and in Defendants' special appearance. *See, e.g.*, Rachel Thompson Aff., ECF No. 18. Plaintiffs' own filings make it clear that Defendants' attorneys were not authorized to accept service of the summons and complaint in this action. Ronald Thompson Aff. ¶¶ 2-3. ECF No. 16-2. ORCP 7 D requires that substitute service must be made upon a person authorized to accept

Page 6 –OPINION & ORDER

such service. Or. R. Civ. P. 7 D(3)(a)(i). Plaintiffs have not demonstrated that Defendants' counsel has been authorized to accept service process on Defendants' behalf in this case specifically. In addition, the Affidavit of Rachel Thompson indicates that she personally attempted to serve the summons and complaint on Defendants' counsel, which is not permitted under Rule 4 because Rachel Thompson is a party to this action. *See* Fed. R. Civ. P. 4(c)(2) (permitting service by "Any person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)). Plaintiffs' efforts to serve Defendants by delivering the summons and complaint to the office of Defendants' attorney is therefore unavailing.

The Court concludes that Plaintiffs have failed to properly serve Defendants in this case. Because Defendants have not been properly served, Plaintiffs' Motion for Entry of Default, ECF No. 20, must be DENIED. As to Defendants' Motion to Dismiss, "[t]he choice between dismissal and quashing service of process is in the district court's discretion." *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Service will ordinarily be quashed and the action preserved when there isa a reasonable prospect that plaintiff will be able to serve defendant properly." *Roller v. Herra*, No. 3:18-CV-00057-HZ, 2018 WL 2946395, at *2 (D. Or. June 11, 2018) (internal quotation marks and citations omitted). The district court also has the discretion, upon a showing of "good cause" to extend the time for service outside of the 90-day period provided for in Rule 4. Fed. R. Civ. P. 4(m); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2001).

Here, the Court notes repeated but unsuccessful efforts to serve Defendants through sheriff's offices and process servicers. This is not a situation where Plaintiffs have neglected to attempt service and so the Court concludes that quashing service, rather than dismissal of the action is appropriate. The Court also finds good cause to extend the time for service by sixty days so that Plaintiffs can explore and attempt other avenues of effecting proper service on Defendants.

Finally, Plaintiffs request that service be completed by the U.S. Marshal Service. ECF No. 22. Although the Federal Rules of Civil Procedure provide that a court "may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court," the Rules mandate such an outcome only where the plaintiff meets certain standards not present here. *See* Fed. R. Civ. P. 4(c)(3) (mandating service by the U.S. Marshals only where "the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."). Here, Plaintiffs are not proceeding in forma pauperis and the Court declines to order that the U.S. Marshals serve Defendants. Plaintiffs Motion, ECF No. 22, is DENIED.

## CONCLUSION

For the reasons set forth above, the Court declines to dismiss this case for failure to properly serve Defendants, but GRANTS Defendants' Motion in the Alternative to Quash Service. ECF No. 10. All pending Motions to Strike, ECF Nos. 16, 19, 23, are DENIED. Plaintiffs' Motion for Entry of Default, ECF No. 20, is DENIED. Defendants' Motion in Opposition to Plaintiffs' Request for Clerk's Entry

of Default, ECF No. 21, is MOOT. Plaintiffs' Motion for Order for Service of Summons and Complaint on Defendants by U.S. Marshal Service, ECF No. 22, is DENIED.

The Court quashes the previous ineffective service and extends the time for Plaintiffs to complete service on Defendants by a further sixty (60) days from the date of this Order.

It is so ORDERED and DATED this     20th     day of October 2022.

                                  /s/Ann Aiken
                                  ANN AIKEN
                                  United States District Judge