IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RONALD RAY THOMPSON; RACHEL ANN THOMPSON, | Civ. No. 6:22-cv-00600-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| ROBERT KIM REED; KAREN R. REED, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Defendants' Motion to Dismiss the Amended Complaint for Lack of Jurisdiction, ECF No. 31. For the reasons set forth below, the Motion is GRANTED and this case is DISMISSED. All other pending motions are DENIED as moot.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests on the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A motion to dismiss under Federal Rule of Civil

Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite

their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (internal quotation marks and citation omitted).

## DISCUSSION

The Amended Complaint, ECF No. 30, alleges that Plaintiffs and Defendants are citizens of Oregon. Am. Compl. ¶¶ 1-3. The dispute between the parties in this case centers on "the nature and scope of a long established easement (50 years)," which was part of a warranty deed. *Id.* at ¶¶ 6-8. Plaintiffs allege that Defendants "have undertaken actions that have caused considerable harm to the Plaintiffs without any attempts to communicate and confer on the issues." *Id.* at ¶ 12. Plaintiffs allege that their federal constitutional rights have been violated by Defendants' actions. *Id.* at ¶ 11. Plaintiffs allege that this includes infringement of their rights under the First, Fourth, Fifth, and Fourteenth Amendments. Am. Compl. 4. The specific "actions" allegedly taken by Defendants are not described in the Amended Complaint.

Plaintiffs seek a declaration that their "easement and lawful access" be returned "to its original status as contemplated by Plaintiff Ronald Ray Thompson's uncle (Grantor) and father (Grantee)," and that the property rights of Plaintiffs be restored. Am. Comp. 5.

Defendants bring both facial and factual challenges to the existence of federal subject matter jurisdiction.

I.   **Facial Challenge**

Defendants assert that, on its face, the Amended Complaint does not establish this Court's jurisdiction. Federal courts have subject matter jurisdiction over claims that invoke either federal question or diversity of citizenship jurisdiction. Federal question jurisdiction arises when the asserted claims arise under the United States Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks and citation omitted). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Diversity of citizenship jurisdiction arises when the parties are citizens of different states and the amount of damages in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

Here, the Amended Complaint plainly alleges that all Plaintiffs and Defendants are citizens of Oregon. Am. Compl. ¶¶ 1-3. This fails the requirement of complete diversity. *See Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019) (explaining that diversity jurisdiction requires "complete diversity of

citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant." (quotation marks and citation omitted)).

Turning to the matter of federal question jurisdiction, "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). Here, the essence of Plaintiffs' claim is the allegation that Defendants have violated the terms of an easement. The interpretation of an easement is a question of state law. *See Smith v. Tumalo Irrigation Dist.*, Case No. 6:20-cv-00345-MK, 2022 WL 3357678, at *4-5 (D. Or. May 2, 2022) (applying Oregon state law to determine the scope of an easement). The claim does not arise under the Constitution, laws, or treaties of the United States as required by 28 U.S.C. § 1331, but instead arises under the laws of Oregon.[1]

Plaintiffs seek to evade this issue by including conclusory allegations that Defendants' undescribed "actions" constitute a violation of a host of federal constitutional rights. As the Ninth Circuit has observed, however, a federal court's "limited jurisdiction cannot be invoked so simplistically." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992). A plaintiff's "bare citation to the Constitution and vague and conclusory allegations fail to establish the requisite subject matter jurisdiction,"

---

[1] Indeed, Defendants have presented evidence in support of their factual attack on subject matter jurisdiction that the issue of this easement has been and continues to be litigated in Oregon state court.

under the well-pleaded complaint rule.  *Denton v. Agents of the State of Oregon*, No. 3:12-CV-00022-HZ, 2012 WL 6617389, at *2 (D. Or. 2012).  Here, Plaintiffs offer only vague references to "actions" taken by their neighboring landowners which Plaintiffs allege, in a conclusory fashion, violate their constitutional rights.  This falls far short of establishing subject matter jurisdiction.

Nor does Plaintiff's invocation of the Declaratory Judgment Act, 28 U.S.C. § 2201, suffice to establish this Court's subject matter jurisdiction.  The "Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction," and plaintiffs are "required to plead an independent basis for federal jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).  Nor does Plaintiffs' reference to the venue statute, 28 U.S.C. § 1391, suffice to confer jurisdiction.  *See Converse v. Udall*, 399 F.2d 616, 618 (9th Cir. 1968) ("The Declaratory Judgment Act does not confer jurisdiction, nor does § 1391, which deals with venue." (internal citations omitted)).  As discussed above, Plaintiffs have failed to establish an independent basis for jurisdiction.

The Court concludes that the Amended Complaint fails to establish federal subject matter jurisdiction on its face.

## II.     Factual Challenge

Defendants also offer a factual challenge to subject matter jurisdiction in this matter.  Defendants contend that Plaintiffs' federal lawsuit amounts to a *de facto*

appeal of unfavorable rulings by Oregon state courts concerning the disputed easement and that it therefore runs afoul of the *Rooker-Feldman* doctrine.[2]

Pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of the doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issues raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001) (citation omitted).

"*Rooker-Feldman* bars a suit from going forward if: (a) the plaintiff in the federal suit lost in the state court proceeding; (b) the state court determination is at the core of the federal lawsuit; (c) the federal lawsuit seeks review and rejection of the state court verdict; and (d) the state court judgment was entered before commencement of the federal action." *Bunnell v. Brown*, Case No. 3:17-cv-1786-SI,

---

[2] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Page 7 –OPINION & ORDER

2018 WL 3040893, at *3 (D. Or. June 19, 2019) (citing *McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007)). A dismissal under this doctrine is generally without prejudice, although one from which the plaintiff will not be able to replead in this Court. *See White v. Dobrescu*, 651 Fed. App'x 701, 703 (9th Cir. 2016) ("Because we affirm the dismissal on the basis of the *Rooker-Feldman* doctrine, we treat the dismissal as one without prejudice."); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissal for lack of subject matter jurisdiction should be without prejudice).

Defendants have presented evidence that the disputed easement has been the subject of considerable litigation in Oregon state court between Plaintiffs and Defendants' predecessors in interest in the property. In March 2015, the Deschutes County Circuit Court issued a general judgment in *Thompson v. Reed*, Case No. 14CV0443, in which it held that the defendants "have the right to and are allowed to install gates across and along the driveway so long as they do not unreasonably interfere with plaintiff's use of the easement." Reinecke Decl. Ex. A, at 2. ECF No. 31. The Deschutes circuit court found that the "current and previous configurations do not unreasonably interfere with plaintiff's use of the easement," and that "Plaintiff and his guests have a duty to close all gates after using them, sufficient to prevent livestock from challenging those gates." *Id.*

In a subsequent case, *Thompson v. Reed*, Case No. 17CV55430, the Deschutes County Circuit Court granted the defendants' motion for summary judgment on their cross-petition for declaratory relief "relating to the existence and scope of the non-

exclusive road access easement." Reinecke Decl. Ex. B, at 1. The circuit court also granted the defendants' motion for partial summary judgment "in that the court finds that plaintiffs and their guests are under a duty and required to close all gates across the easement after using them sufficient to prevent livestock from challenging those gates." *Id.* A general judgment and money award in favor of the defendants was entered by the circuit court in Case No. 17CV55430 on October 31, 2018. Reinecke Decl. Ex. C. Plaintiffs appealed the circuit court's judgment, but the judgment was affirmed without opinion by the Oregon Court of Appeals in Case No. A169586. Reinecke Decl. ¶ 6.

In the present case, Plaintiffs seek the return of their easement and access "to its original status" and the "property rights of the Plaintiffs [to] be fully restored and secured in a manner that this cannot continue to occur and cannot again occur." Am. Compl. 5. This is essentially what was litigated in Case No. 14CV0443 and Case No. 17CV55430 when the Deschutes County Circuit Court ruled on the existence and scope of the disputed easement. The relief Plaintiffs seek is inextricably intertwined with those state court decisions and this Court could not grant the relief requested without substantively reversing those earlier state court decisions. Plaintiffs' avenue for relief from those judgment was to pursue an appeal with the Oregon Court of Appeals, which they exercised without success. Plaintiffs cannot collaterally attack the state court judgments by filing a federal action.

The Court concludes that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and this Court is therefore without subject matter jurisdiction to consider those claims.

Plaintiffs have not met their burden of demonstrating the existence of subject matter jurisdiction in the face of Defendants' facial and factual challenges to this Court's jurisdiction.  The Court therefore GRANTS Defendants' Motion and this case is DISMISSED.  Because the defects in Plaintiffs' claims cannot be remedied by the allegation of additional facts, dismissal shall be without further leave to amend.  All other pending motions, including Plaintiffs' Motion to Strike, ECF No. 35; Plaintiffs' Motion for Summary Judgment, ECF No. 36; Defendants' Motion for Imposition of Sanctions, ECF No. 37; and Plaintiffs' Request for Judicial Notice, ECF No. 43, are DENIED.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 31. This case is DISMISSED without prejudice but without leave to amend.  All other pending motions are DENIED.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___21st___ day of July 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge