IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RONALD RAY THOMPSON;  
RACHEL ANN THOMPSON,

        Plaintiffs,

   v.

ROBERT KIM REED; KAREN R. REED,

        Defendants.

Civ. No. 6:22-cv-00600-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on "Plaintiff's Motion for Relief From a Judgment or Order," ECF No. 47, and Plaintiff's "Mandatory Judicial Notice and Offer of Proof; authorities regarding void judgments," ECF No. 50. The Court concludes that both motions are suitable for resolution without oral argument. For the reasons set forth below, the motions are DENIED.

## DISCUSSION

    Plaintiffs seek reconsideration of the Court's prior Order, ECF No. 45, in which the Court granted Defendants' Motion to Dismiss based on lack of jurisdiction. Plaintiffs also seek to set aside the Court's judgment of dismissal. ECF No. 46.

    As a preliminary matter, the Plaintiffs' "Mandatory Judicial Notice and Offer of Proof," which the Court interprets as a request for judicial notice, presents the

Court with a recitation of hornbook law concerning void judgments. Such materials are not proper subjects for judicial notice. Federal Rule of Evidence 201, which governs judicial notice, provides that "a judicially noticed fact must be one not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

> To use the judicial notice process to have the court consider other cases as legal authority is misguided, as Rule 201 applies to adjudicative facts and not legislative facts. The difference was explained in the comment to the rule: adjudicative facts are simply the facts of the particular case whereas legislative facts are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body. It is unnecessary to request that the court judicially notice published cases from California and federal courts as legal precedent; the court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed.

*Lucero v. Wong*, No. C 10-1339 SI(pr), 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011) (internal quotation marks and citation omitted); *see also Stiller v. Costco Wholesale Corp.*, No. 3:09-cv-2473-GPC-BGS, 2013 WL 4401371, at *1 (S.D. Cal. Aug. 15, 2013) (holding that "it is inappropriate to request that the Court take judicial notice of legal authority, as judicial notice is reserved for adjudicative facts only." (internal quotation marks and citation omitted, alternations normalized)).

Here, the entirety of Plaintiffs' request for judicial notice is given over to legal authority concerning void judgments. As discussed above, it is improper to present legal authority, which courts routinely consider in ruling on motions, in a motion for

judicial notice because judicial notice under Rule 201 is reserved for adjudicative facts. The Court therefore denies Plaintiffs' request for "Mandatory Judicial Notice."

Turning to Plaintiffs' motion for reconsideration, Rule 60(b) of the Federal Rules of Civil Procedure governs reconsideration of a "final judgment, order, or proceeding" of the district court. That Rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party,"; (4) if the judgment is void; (5) if the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is not longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiffs also cite to Rule 60(d)(3), which provides that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

The party making a Rule 60(b) motion bears the burden of proof. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Motions for reconsideration are not the proper vehicles for rehashing old arguments and not intended to give an unhappy litigant on additional chance to sway the judge." *Hernandez v. Jefferson Cnty. Sheriff's Office*, Case No. 3:19-cv-1404-JR,

2021 WL 2349320, at *1 (D. Or. Feb. 1, 2021) (internal quotation marks and citation omitted, alterations normalized).  In addition, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

Here, Plaintiffs' motion for reconsideration argues that the underlying state court judgments are void because they are either forgeries by Defendants' counsel or the result of fraud by and/or upon the Oregon courts.  Plaintiffs' motion also argues that, contrary to the allegations of Plaintiffs' own Amended Complaint, Defendants are not citizens of Oregon.  These issues were raised in Plaintiffs' briefing in opposition to Defendants' motion to dismiss and, as such, may not be re-raised in a motion for reconsideration to give Plaintiffs a second bite at the apple.  Plaintiffs have failed to carry their burden on a motion for reconsideration and so the motion is denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Relief from a Judgment or Order, ECF No. 47, is DENIED and Plaintiff's "Mandatory Judicial Notice and Offer of Proof," which the Court interprets as a request for judicial notice, ECF 50, is DENIED.

It is so ORDERED and DATED this ___6th___ day of October 2023.

                                            /s/Ann Aiken
                                            ANN AIKEN
                                            United States District Judge